UNITED STATES BANKRUPTCY COURT

DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>SHOOT THE MOON, LLC,<br><br>Debtor. | Case No. 15-60979-TLM |
| JEREMIAH J. FOSTER,<br><br>Plaintiff,<br><br>v.<br><br>EBF PARTNERS LLC and JOHN DOES 1-10,<br><br>Defendants. | Adv. No. 17-00047-TLM |

MEMORANDUM OF DECISION

INTRODUCTION

Shoot the Moon, LLC ("Debtor") filed a chapter 11[1] bankruptcy petition on October 21, 2015.  Doc. No. 1.  On October 18, 2017, the chapter 11 trustee, Jeremiah J. Foster ("Trustee"), filed an adversary complaint against EBF Partners, LLC ("EBF") seeking relief on eight counts.  Adv. Doc. No. 1.  In Count I, Trustee requests a declaratory judgment that Montana and

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure, Rules 1–86.

1

Washington laws govern the agreements between Shoot the Moon of Montana, LLC, Shoot the Moon of Washington, LLC, and Shoot the Moon 4, LLC (collectively, the "Debtor")[2] on the one hand, and EBF, on the other. *Id.* at 5–6. EBF answered Trustee's complaint on January 15, 2018, and filed a motion for summary judgment on Count I on July 24, 2018. Adv. Doc. Nos. 10, 25. Trustee responded to the motion on August 27, 2018, and EBF filed a reply brief on September 7, 2018. Adv. Doc. Nos. 32–33.

The Court has considered the briefing and exhibits presented, as well as the applicable law, and now issues the following decision which resolves the motion. Rules 7052; 9014.

**BACKGROUND**

Debtor owned and operated eleven Chili's Grill and Bar restaurants in Idaho, Montana, and Washington. Debtor experienced cash flow problems in 2014 and 2015, and obtained operating cash on eighty-five occasions from approximately twenty-seven different merchant cash advance companies. EBF was one of those merchant cash advance companies.

Debtor and EBF entered into four agreements during 2015. First, on March 12, 2015, EBF entered into a "Payment Rights Purchase and Sale Agreement" with Shoot the Moon of Washington, LLC, under which EBF provided Shoot the Moon of Washington, LLC with $125,000 in exchange for Shoot the Moon of Washington, LLC's agreement to pay EBF $182,500 at the rate of $1,440 per day.[3] Adv. Doc. No. 25-1. On March 30, 2015, EBF entered

---

[2] On October 20, 2015, Articles of Merger were filed with Washington and Montana and Statements of Merger were filed with Idaho, which purported to merge Shoot the Moon of Montana, LLC, Shoot the Moon of Washington, LLC, Shoot the Moon 4, LLC, and sixteen other entities. All assets of the nineteen entities were transferred into Debtor as the surviving entity. Adv. Doc. No. 1 at 3.

[3] The parties disagree over how the agreements in this case should be characterized. Count III of Trustee's complaint is a request for a declaratory judgment that these agreements were loan agreements, not asset purchase and sale agreements. The Court's characterization of the agreements in this

into a "Payment Rights Purchase and Sale Agreement" with shoot the Moon of Montana, LLC, under which EBF provided Shoot the Moon of Montana, LLC with $100,000 in exchange for Shoot the Moon of Montana LLC's agreement to pay EBF $144,000 at the rate of $1,152 per day. Adv. Doc No. 25-2. On March 31, 2015, EBF entered into a "Payment Rights Purchase and Sale Agreement" with Shoot the Moon of Montana, LLC, under which EBF provided Shoot the Moon of Montana, LLC with $100,000 in exchange for Shoot the Moon of Montana LLC's agreement to pay EBF $144,000 at the rate of $1,152 per day. Adv. Doc. No. 25-3. Lastly, on July 22, 2015, EBF entered into a "Payment Rights Purchase and Sale Agreement" with Shoot the Moon 4, LLC, under which EBF provided Shoot the Moon 4, LLC with $45,000 in exchange for Shoot the Moon 4, LLC's agreement to pay EBF $62,955 at the rate of $999 per day. Adv. Doc. No. 25-4.

Each of the "Payment Rights Purchase and Sale Agreements" contain the following provision:

> **4.5 Binding Effect; Governing Law, Venue and Jurisdiction.** . . . This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, without regards to any applicable principals [sic] of conflicts of law. Any suit, action or proceeding arising hereunder, or the interpretation, performance or breach of this Agreement, shall, if EBF so elects, be instituted in any court sitting in Florida (the "Acceptable Forums"). Seller agrees that the Acceptable Forums are convenient to it, and submits to the jurisdiction of the Acceptable Forums and waives any and all objections to jurisdiction or venue. . . .

Adv. Doc. Nos. 25-1, 25-2, 25-3, 25-4.

---

memorandum is not intended to communicate its legal opinion on the nature of the agreements as either loan agreements or asset purchase and sale agreements. That issue is left for another day.

3

**LEGAL ANALYSIS AND DISCUSSION**

    **I.    Jurisdiction**

Trustee alleges this Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 as a proceeding arising under Title 11, United States Code. Adv. Doc. No. 1 at 2. Trustee also alleges this is a core proceeding pursuant to § 157(b)(2), and Trustee consents to entry of a final order or judgment by the Court. *Id.* EBF agrees this Court has jurisdiction over this adversary proceeding and does not dispute that this is a core proceeding. Adv. Doc. No. 10 at 1.

    **II.    Summary Judgment Standards**

The standards guiding the Court in considering a motion for summary judgment are well-settled. Summary judgment is properly granted when no genuine and disputed issues of material fact exist, and, when viewing the evidence most favorably to the non-moving party, the movant is entitled to prevail as a matter of law. Civil Rule 56, incorporated by Rule 7056; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Far Out Prods., Inc. v. Oskar,* 247 F.3d 986, 992 (9th Cir. 2001).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]

Civil Rule 56(c)(1).

Further, the Court does not weigh the evidence in considering summary judgment. It determines only whether a material factual dispute remains for trial. *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997). An issue is "genuine" if there is

sufficient evidence for a reasonable finder of fact to find in favor of the non-moving party, and a fact is "material" if it might affect the outcome of the case. *Far Out Prods.*, 247 F.3d at 992 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986)). The substantive law will identify which facts are material. *Anderson,* 477 U.S. at 248. The initial burden of showing there is no genuine issue of material fact rests on the moving party. *Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir. 1998).

### III. Choice of Law

In non-bankruptcy cases, federal courts sitting in diversity apply the choice of law rules of the state in which they sit. *Alaska Airlines, Inc. v. United Airlines, Inc.*, 902 F.2d 1400, 1402 (9th Cir. 1990) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)); *see also Van Gundy v. P.T. Freeport Indonesia*, 50 F.Supp. 2d 993, 996 (D. Mont. 1999) ("A federal court sitting in diversity must apply the choice of law rules of the forum state to determine which state's substantive law applies."). However, "'[i]n federal question cases with exclusive jurisdiction in federal court, such as bankruptcy' . . . we apply federal choice of law rules." *First Comm. Bank v. Gaughan (In re Miller)*, 853 F.3d 508, 515–16 (9th Cir. 2017) (quoting *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995)). Thus, even though Montana is the "forum" state, this Court must examine federal law to determine which state's laws should be applied in this adversary proceeding.

Federal choice of law rules are based on the Restatement (Second) of Conflict of Laws. *Id.* at 516 (citing *In re Vortex Fishing Sys., Inc.*, 277 F.3d 1057, 1069 (9th Cir. 2001)). Montana state courts have also expressly adopted various provisions of the federal common law, including

the Restatement (Second) of Conflict of Laws § 187(2)[4] to evaluate choice of law provisions in contracts. *Casarotto v. Lombardi*, 886 P.2d 931, 934 (Mont. 1994), *rev'd on other grounds, Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681 (1996). After *Casarotto*, the Montana Supreme Court laid out a three-prong framework for evaluating parties' contractual choice of law provisions under the Restatement:

> Section 187 provides that we will apply the "law of the state chosen by the parties to govern their contractual rights" unless the following three factors, as restated by this Court, are met:
>
>> (1) but for the choice of law provision, Montana law would apply under § 188 of the Restatement;[5] (2) Montana has a materially

---

[4] Section 187 of the Restatement (Second) of Conflict of Laws provides:

Law of the State Chosen by the Parties:

\* \* \*

(2) The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either

    (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or

    (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law of the parties.

[5] Section 188, titled: Law Governing in Absence of Effective Choice by the Parties, states:

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

    (a) the place of contracting,

> greater interest in the particular issue than the parties' chosen state; and (3) application of the chosen state's law would contravene a Montana fundamental policy.

*Masters Grp. Int'l, Inc. v. Comerica Bank*, 352 P.3d 1101, 1113 (Mont. 2015) (quoting *Polzin v. Appleway Equip. Leasing, Inc.*, 191 P.3d 476, 480 (Mont. 2008)). As this Court also applies the Restatement, such a test is equally applicable here. And in applying the test to the instant case, Florida law will govern unless (1) Montana or Washington law would apply under §188 in the absence of the parties' choice of law provision, (2) Montana or Washington has a materially greater interest in the issue than Florida, and (3) the application of Florida law would contravene a fundamental public policy of Montana or Washington.

### IV. Procedural Flaw

Montana Local Rule 7056-1 applies to motions for summary judgment and provides, in part:

> **Statement of Uncontroverted Facts.** A separate, short, and concise "Statement of Uncontroverted Facts" must accompany every motion for summary judgment. Failure to submit this statement constitutes grounds for denial of the motion. The statement shall set forth separately each fact, in serial, not narrative form, and shall specify the specific portion of the record where the fact can be found (e.g., affidavit, deposition, etc.).

---

> (b) the place of negotiation of the contract,
> (c) the place of performance,
> (d) the location of the subject matter of the contract, and
> (e) the domicil, residence, nationality, place of incorporation and place of business of the parties.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.
>
> (3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189–199 and 203.

Here, the moving party, EBF, failed to submit any affidavits with its motion or provide a "Statement of Uncontroverted Facts" as required by Local Rule 7056-1. Under the circumstances, this omission is fatal to EBF's motion.

As discussed above, choice of law analysis under §§ 187 and 188 of the Restatement (Second) of Conflict of Laws requires this Court to evaluate, *inter alia*, which state's laws would apply in the absence of the choice of law provision included in the parties' agreements. Specifically, § 188(2) requires the Court to determine the place of contracting, place of negotiation of the contract, the place of performance, the location of the subject matter of the contract, and the domicil, residence, nationality, place of incorporation and place of business of the parties. Evaluation of these factors is a fact-specific inquiry, and EBF has failed to proffer sufficient evidence of facts establishing these factors in its motion. A thorough review of the docket reveals that no affidavits or discovery materials have been submitted in this case, and the exhibits submitted are inconclusive with respect to these key factual issues. Pleadings can be a source of potentially relevant information at summary judgment, but EBF denied nearly all of the factual allegations in Trustee's complaint that are relevant to the choice of law issue, thus creating a factual dispute with respect to those very issues. Adv. Doc. No. 10 at 3.

Here, EBF's failure to attach the required "Statement of Uncontroverted Facts" violated Local Rule 7056-1, establishing grounds for denial of the motion. Moreover, as a result of this failure, EBF did not meet its burden at summary judgment by pointing to specific facts in the record that would establish its entitlement to judgment as a matter of law. As such, the Court is left to speculate as to the factual basis for EBF's motion.

**CONCLUSION**

Based on the record, the Court finds that in failing to comply with Montana Local Bankruptcy Rule 7056-1, EBF has not established it is entitled to summary judgment. Accordingly, EBF's motion for summary judgment will be denied without prejudice. A separate order will be entered.

DATED: November 8, 2018

TERRY L. MYERS
U. S. BANKRUPTCY JUDGE